| | |
|---|---|
| GENERAL INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) Case No. |
| v. | ) ) ) |
| JERRY HOLLINGSWORTH, HOLLINGSWORTH CONSTRUCTION COMPANY, LLC, and MANDY WINKERT, | ) ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff General Insurance Company of America ("General"), by and through its attorney of record, seeks declaratory relief pursuant to 28 U.S.C. § 2201 with respect to insurance coverage under a Businessowners Liability Policy issued by General for claims of personal injury asserted by defendant Mandy Winkert against defendants Jerry Hollingsworth and Hollingsworth Construction Company, LLC, arising out of a physical altercation involving Jerry Hollingsworth and Mandy Winkert, and further states and alleges:

## PARTIES

1. Plaintiff General is an insurance company organized and existing under the laws of the State of New Hampshire, with its principal place of business located in Boston, Massachusetts. General is, accordingly, a citizen of New Hampshire and Massachusetts.

2. Defendant Jerry Hollingsworth is a citizen of the State of Missouri, residing in Belton, Cass County, Missouri. Mr. Hollingsworth can be served at 600 N. Scott Avenue, Suite A, Belton, MO 64012.

3. Defendant Hollingsworth Construction Company, LLC ("HCC") is a Missouri limited liability company with its principal place of business at 1028 N. Kingshighway Street, Cape Girardeau, MO 63701-3503. Upon information and belief, HCC also maintains an office at 600 N. Scott Avenue, Suite A, Belton, Cass County, MO 64012. HCC can be served at United States Corporation Agents, Inc., 1028 N. Kingshighway St., Cape Girardeau, MO 63701-3503.

4. Upon information and belief, each member of HCC is an individual resident and citizen of the State of Missouri.

5. Upon information and belief, no member of HCC is a citizen of New Hampshire or Massachusetts.

6. Defendant Mandy Winkert is a citizen of the State of Missouri, residing in Belton, Cass County, Missouri. Ms. Winkert can be served at 103 Hawthorne Drive, Belton, MO 64012-1930.

## JURISDICTION AND VENUE

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1332, because this dispute is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because a substantial part of the events giving rise to this dispute occurred in this District.

9. This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

10. The amount in controversy is the $1,000,000 liability limit of an insurance policy issued to HCC.

**FACTUAL ALLEGATIONS**

11. On July 30, 2021, defendant Winkert filed a civil action in the Circuit Court of Cass County, Missouri against defendants Jerry Hollingsworth and Hollingsworth Construction Company, LLC, case no. 21CA-CC00153 (hereafter, the "Underlying Action").

12. Winkert alleges she worked for Hollingsworth and HCC for several years as a bookkeeper and that part of her duties as such included maintaining HCC passwords and login information. Underlying Action Petition for Damages, attached as **Exhibit 1**, ¶¶ 3-4.

13. Winkert alleges that on or about April 23, 2021, Hollingsworth became inebriated and went to Winkert's home to demand that Winkert provide him with the list of passwords and logins that were maintained on Winkert's phone. Underlying Action Petition for Damages, attached as **Exhibit 1**, ¶ 6.

14. Winkert alleges that she refused to provide said logins and passwords and an altercation occurred between Hollingsworth and Winkert resulting in Hollingsworth attempting to obtain Winkert's phone by force. Underlying Action Petition for Damages, attached as **Exhibit 1**, ¶¶, 14-16.

15. As a result of the altercation, Winkert alleges she sustained a compound fracture of her right arm. Underlying Action Petition for Damages, attached as **Exhibit 1**, ¶ 17.

16. Winkert alleges that at the time of the altercation, Hollingsworth was acting in the scope and course of his employment with HCC. Underlying Action Petition for Damages, attached as **Exhibit 1**, ¶¶ 21, 23 - 29.

17. As a result of the altercation, on or about February 7, 2022, Hollingsworth pled guilty to a charge of 4th degree domestic assault pursuant to Mo.Rev.Stat. 565.076(1) and (5) admitting that he:

> (1) attempt[ed] to cause or recklessly cause[d] physical injury, physical pain, or illness to [Winkert]; and
>
> (5) knowingly cause[d] physical contact with [Winkert] knowing . . . she [would] regard the contact as offensive.

Judgment, *State of Missouri v. Jerry Hollingsworth*, Case No. 21CA-CR00399-01, attached as **Exhibit 2**.

18. As a result of the altercation, on or about February 7, 2022, Hollingsworth pled guilty to a charge of 4th degree domestic assault pursuant to Mo.Rev.Stat. 565.076(2), (3), (4), and (6), admitting that he:

> (2) cause[d] physical injury to [Winkert] by means of a deadly weapon or dangerous instrument;
>
> (3) purposely place[d] [Winkert] in apprehension of immediate physical injury by any means;
>
> (4) recklessly engage[d] in conduct which create[d] a substantial risk of death or serious physical injury to [Winkert]; and
>
> (6) knowingly attempt[ed] to cause or cause[d] the isolation of [Winkert] by unreasonably and substantially restricting or limiting [her] access to other persons, telecommunication devices or transportation for the purpose of isolation.

Judgment, *State of Missouri v. Jerry Hollingsworth*, Case No. 21CA-CR00399-01, attached as **Exhibit 2**.

## THE POLICY

19. General issued to HCC a Businessowners Liability Policy, Policy No. BWG (22) 60 49 53 77, with a policy period of January 6, 2021 to January 6, 2022 and a limit of liability of $1,000,000 per occurrence (hereinafter, "HCC Policy"). *See* HCC Policy attached as **Exhibit 3**.

20. The HCC Policy's insuring agreement provides liability coverage for sums "that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies." Section II – Liability, A. Coverages, 1. Business Liability, p. 35 of 53, **Ex. 3**.

21. Such liability coverage applies to "bodily injury" only if "the 'bodily injury' . . . is caused by an 'occurrence' that takes place in the 'coverage territory'. Section II – Liability, A. Coverages, 1. Business Liability, p. 35 of 53, **Ex. 3**.

22. The HCC Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." F. Liability And Medical Expenses Definitions, p. 49 of 53, **Ex. 3**.

23. The HCC Policy defines "bodily injury" to include "bodily injury, sickness, disease, or incidental medical malpractice injury sustained by a person, and includes mental anguish resulting from any of these; and including death resulting from any of these at any time." F. Liability And Medical Expenses Definitions, p. 47 of 53, as modified by "Liability Broadening Endorsement," **Ex. 3**.

24. Under the HCC Policy, the term "insured" includes the members of an LLC, "but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers." C. Who Is An Insured, 1.c., p. 45 of 53, **Ex. 3**.

25. Under the HCC Policy, HCC's "employees" are insureds, but only for acts within the scope of their employment by HCC or while performing duties related to the conduct of HCC's business. C. Who Is An Insured, 2.a., p. 45 of 53, **Ex. 3**.

26. None of HCC's "employees" are insureds for "bodily injury" to HCC's members or to a co-"employee" while in the course of his or her employment or performing duties related to the conduct of HCC's business. C. Who Is An Insured, 2.a.1., p. 45 of 53, **Ex. 3**.

27. The HCC Policy excludes from coverage "bodily injury":

> expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" . . . resulting from the use of reasonable force to protect persons or property.

Section II – Liability, B. Exclusions, ¶ 1.a, at p. 37 for 53, as modified by the "Liability Broadening Endorsement," **Ex. 3**.

28. Hollingsworth was not attempting to protect persons or property at the time of the altercation.

29. The HCC Policy excludes coverage for "bodily injury" to:

> 1. An "employee" of the insured arising out of and in the course of:
>
>    a. Employment by the insured; or
>
>    b. Performing duties related to the conduct of the insured's business . . .

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damage because of the injury.

Section II – Liability, B. Exclusions, ¶ 1.e, at p. 38 for 53, **Ex. 3**.

30. The HCC Policy excludes coverage for "bodily injury" to:

   (1)  A person arising out of any:

   . . .

   (c) Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; . . .

   The exclusion applies:

   (1) Whether the injury-causing event described in Paragraph (a), (b) or (c) above occurs before employment, during employment or after employment of that person;

   (2) Whether the insured may be liable as an employer or in any other capacity; and

   (3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Employment-Related Practices Exclusion, **Ex. 3**.

### COUNT I – DECLARATION THAT THE HCC POLICY AFFORDS NO COVERAGE FOR THE CLAIMS BECAUSE WINKERT'S INJURIES WERE NOT CAUSED BY AN "OCCURRENCE".

31. General realleges and incorporates paragraphs 1-30.

7

Case 4:22-cv-00104-GAF   Document 1   Filed 02/22/22   Page 7 of 12

32. The HCC Police affords liability insurance coverage for "bodily injury" that is "caused by an occurrence."

33. "Occurrence" means "an accident" under the HCC Policy.

34. Defendant Winkert's alleged injuries and damages do not arise out of an accident.

35. The conduct of Hollingsworth was not "accidental" in nature on the night of the altercation.

36. Accordingly, the claims of Winkert asserted in the Underlying Action are not within the policies' insuring agreement, as her alleged injuries were not caused by an occurrence.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff General Insurance Company of America requests that the Court enter its judgment declaring that the HCC Policy provides no liability coverage for the claims of Mandy Winkert against Jerry Hollingsworth or Hollingsworth Construction Company, LLC, because her alleged injuries were not caused by an occurrence as defined by the HCC Policy, declaring that General has no duty to defend the Underlying Action, and for such other and further relief as is just and proper.

**COUNT II – DECLARATION THAT THE HCC POLICY EXCLUDES COVERAGE UNDER THE "EXPECTED OR INTENDED" INJURY EXCLUSION.**

37. General realleges and incorporates paragraphs 1-3036.

38. Additionally or alternatively, the HCC Policy does not provide coverage for the claims made by Mandy Winkert by virtue of the application of the policy's expected or intended injury exclusion.

39. The HCC Policy excludes coverage for bodily injury that is "expected or intended" from the standpoint of the insured Hollingsworth.

40. Mandy Winkert's injuries were intended or expected by Jerry Hollingsworth as evidenced by his guilty plea to the criminal charges set forth in **Exhibit 2** which include, *inter alia*, charges that Hollingsworth "purposely" placed Winkert in apprehension of immediate physical injury and "knowingly" causes physical contact with Winkert.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff General Insurance Company of America requests that the Court enter its judgment declaring that the HCC Policy provide no liability coverage for the claims of Mandy Winkert against Jerry Hollingsworth or Hollingsworth Construction Company, LLC, by virtue of the policy's expected or intended injury exclusion, declaring that General has no duty to defend the Underlying Action, and for such other and further relief as is just and proper.

**COUNT III – DECLARATION THAT THE POLICY EXCLUDES COVERAGE UNDER THE EMPLOYER'S LIABILITY EXCLUSION.**

41. General realleges and incorporates paragraphs 1-30.

42. Additionally or alternatively, the HCC Policy does not provide coverage for the claims made by Mandy Winkert by virtue of the application of the policy's employer's liability exclusion.

43. Specifically, the HCC Policy bars coverage for bodily injury to an employee of the insured arising out of and in the course of employment by the insured or performing duties related to the conduct of the insured's business.

44. To the extent that the subject altercation arose out of Winkert's job duties to maintain the HCC logins and passwords, the same arose out of the course of her employment, coverage is excluded.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff General Insurance Company of America requests that the Court enter its judgment declaring that the HCC Policy provides no liability coverage for the claims of Mandy Winkert against Jerry Hollingsworth and Hollingsworth Construction Company, LLC by virtue of the policy's employer's liability exclusion, declaring that General has no duty to defend the Underlying Action, and for such other and further relief as is just and proper.

**COUNT IV – DECLARATION THAT THE POLICY EXCLUDES COVERAGE UNDER THE EMPLOYMENT-RELATED PRACTICES EXCLUSION.**

45. General realleges and incorporates paragraphs 1-30.

46. Additionally or alternatively, the HCC Policy does not provide coverage for the claims made by Mandy Winkert by virtue of the application of the policy's employment-related practices exclusion.

47. The HCC Policy bars coverage for bodily injury to a person arising out of acts of coercion, discipline, or harassment.

48. To the extent that the subject altercation was caused by allegations that Winkert violated job-related duties in maintaining the HCC logins or passwords, such bodily injury arose out of coercion, discipline, or harassment and is barred by the employment-related practices exclusion.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff General Insurance Company of America requests that the

Court enter its judgment declaring that the HCC Policy provides no liability coverage for the claims of Mandy Winkert against Jerry Hollingsworth and Hollingsworth Construction Company, LLC by virtue of the policy's employment-related practices exclusion, declaring that General has no duty to defend the Underlying Action, and for such other and further relief as is just and proper.

### COUNT V – DECLARATION THAT JERRY HOLLINGSWORTH WAS NOT AN INSURED AT THE TIME OF THE SUBJECT ALTERCATION.

49. General realleges and incorporates paragraphs 1-30.

50. Additionally or alternatively, there is no coverage for the Underlying Action because Jerry Hollingsworth was not an insured at the time of the subject altercation because he, *inter alia*, was not acting in the course and scope of his employment with HCC.

51. Additionally or alternatively, Jerry Hollingsworth was not an insured to the extent he caused bodily injury to a co-employee while acting in the course of his employment with HCC or performing duties related to the conduct of HCC.

WHEREFORE, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, Plaintiff General Insurance Company of America requests that the Court enter its judgment declaring that the HCC Policy provides no liability coverage for the claims of Mandy Winkert against Jerry Hollingsworth and Hollingsworth Construction Company, LLC, because Jerry Hollingsworth was not an insured at the time of the subject altercation, declaring that General has no duty to defend the Underlying Action, and for such other and further relief as is just and proper.

BAKER STERCHI COWDEN & RICE, L.L.C.

 /s/  Angela M. Higgins
Angela M. Higgins      MO 52159
John L. Kellogg         MO 46533
2400 Pershing Road, Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
higgins@bscr-law.com
ATTORNEY FOR PLAINTIFF
GENERAL INSURANCE COMPANY OF AMERICA

12
4811-1782-9239.4    Case 4:22-cv-00104-GAF    Document 1    Filed 02/22/22    Page 12 of 12